UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KAREN ARCARA and KEVIN CURRAN,
Individually as Husband and Wife,

                        Plaintiffs,

                        Case #17-CV-220-FPG

v.

                        DECISION AND ORDER

SCHINDLER ELEVATOR CORPORATION,

                        Defendant.

On May 26, 2015, Plaintiff Karen Arcara allegedly fell from an elevator that failed to properly meet the floor level and sustained severe, personal, and permanent injuries. ECF No. 1-1, Ex. A, at ¶ 7. Arcara and her husband, Plaintiff Kevin Curran, sued Defendant Schindler Elevator Corporation in the Supreme Court of the State of New York, County of Erie, alleging that Defendant's negligence caused Arcara's injuries. Defendant, citing the diversity jurisdiction of federal courts under 28 U.S.C. § 1332, removed the case to this Court. *See* ECF No. 1. The Court ordered Defendant to show cause why the case should not be remanded to the New York State Supreme Court for lack of subject matter jurisdiction. ECF No. 3. Defendant responded. *See* ECF No. 4. For the reasons that follow, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and that this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## DISCUSSION

"Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)). Judicial scrutiny is particularly important where, as here, the defendant has removed the case from state court.

*DiPonzio v. Bank of Am. Corp.*, No. 11-CV-06192, 2011 WL 2693912, at *2 (W.D.N.Y. July 11, 2011) (noting that "removal implicates both state court independence and the federal docket"); *see also Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *2 (E.D.N.Y. July 31, 2007). The Second Circuit has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994) (citing *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045-46 (2d Cir.1991)). Thus, with respect to the amount in controversy requirement under § 1332, the removing party must prove "to a reasonable probability" that the amount in controversy exceeds $75,000. *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *Uddin v. Mamdani*, No. 16CV4385, 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016).

Here, Defendant has met that burden. In response to the Order to Show Cause, Defendant's counsel submitted an attorney affidavit and sent confidential exhibits to the Court, including the details of the Workers' Compensation liens, medical records, and doctors' notes. The exhibits explain the nature of Arcara's injuries and note that the Worker's Compensation insurance company currently maintains liens against any future judgment totaling $79,625.95. *See* ECF No. 4 at ¶ 5. The total of the liens alone surpasses $75,000. Accordingly, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and the Court has subject matter jurisdiction under 28 U.S.C. § 1332(a).

## CONCLUSION

For the reasons stated above, the Court finds that Defendant has shown to a reasonable probability that the amount in controversy exceeds $75,000 and this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). By separate order, the Court will refer this case to a United States Magistrate Judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: November 21, 2017
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court